**1704**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JUL - 6 2005**

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re:                                                   MDL Docket No. 1704

M3POWER RAZOR SYSTEM
MARKETING & SALES PRACTICES
LITIGATION

**PLAINTIFF DAVID ATKINS' RESPONSE TO
MOVANT KEVIN WINDOM'S MOTION FOR
TRANSFER AND COORDINATION OR CONSOLIDATION
UNDER 28 U.S.C. § 1407**

Wayne S. Kreger
Lee Jackson
Gillian L. Wade
**VERBOON, MILSTEIN & PETER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:    310.396.9600
Fax:              310.396.9635

Attorneys for Individual and Representative
Plaintiff David Atkins

1

**OFFICIAL FILE COPY** IMAGED JUL - 8 2005

**A.**  **Plaintiff David Atkins Does Not Oppose the Windom Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. §1407**

David Atkins, plaintiff in the potential tag-along action entitled David Atkins v. The Gillette Co., Civil Action No. CV05-4024 DDP (C.D. Cal.), does not oppose Movant Kevin Windom's ("Windom") motion for transfer and coordination or consolidation under 28 U.S.C. § 1407.  Furthermore, Plaintiff David Atkins ("Atkins") agrees with Movant Windom that the District of Massachusetts is the most appropriate transferee forum.

**B.**  **If the Panel Transfers and Coordinates or Consolidates Pending Cases, the *Corrales* Action Should Be Dismissed**

Although Atkins does not oppose the transfer motion, the Panel should dismiss the Corrales Plaintiffs from further pursuing a duplicative action.  The Atkins and Corrales actions are virtually identical and were filed in the same Court.  However, the Atkins action was filed several days before the Corrales action.  As such, if the Panel transfers and coordinates or consolidates all pending cases, it should also dismiss the Corrales action to avoid further duplication and confusion.

**1.**  **The Atkins Action and the Corrales Actions are Virtually Identical**

Under the principle of federal comity, a district court "has discretion to transfer, stay, or dismiss" an action whenever it is duplicative of a parallel action already pending in another federal court.  Cedars-Sinai Medical Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).  In general, a suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions."  Serlin v. Arthur Anderse & Co., 3 F.3d 221, 223 (7th Cir. 1993).

2

Plaintiff David Atkins, on behalf of himself and all others similarly situated, filed a class action complaint against The Gillette Company ("Gillette") on June 3, 2005, in the United States District Court, Central District of California at Los Angeles. (See David Atkins v. The Gillette Co., Civil Action No. CV05-4024 DDP (C.D. Cal.) (attached hereto as Exhibit "A"). The Atkins action seeks recovery against Gillette for the false and deceptive advertising practices it used in promoting its M3 Power razor. Specifically, this action seeks recovery under California Business and Professions code sections 17200 et. seq. and 17500 et. seq., the California Consumer Legal Remedies Act, several states' laws prohibiting consumer fraud and unfair competition, and unjust enrichment on a nationwide basis.

On June 8, 2005, Plaintiff Carlos Corrales, by and through his counsel, Taras P. Kick, G. James Strenio, Anthony E. Chavez and Thomas G. Martin of The Kick Law Firm, APC, also filed an almost identical class action lawsuit in the United States District Court, Central District of California at Los Angeles on behalf of himself and all similarly situated persons and entities. (See Carlos Corrales v. The Gillette Company, Civil Action No. CV05-4116 AHM, filed June 8, 2005) (attached hereto as Exhibit "B"). The Corrales action seeks to redress the same harm caused by Gillette that is the subject of the present action.

The Atkins and Corrales complaints are virtually identical. The defendant in both actions is the same. The factual allegations are substantially identical in both actions. (Compare Atkins Compl. ¶¶3-5 with Corrales Compl. ¶¶11-20). The Atkins Plaintiffs assert that Gillette violated several states' consumer protection laws, including California's consumer protection laws and that Gillette engaged in false and deceptive advertising practices. The Atkins complaint further alleges that Gillette has been unjustly enriched as a result of its fraudulent actions. (Atkins Compl. ¶¶25-75). The Corrales Plaintiffs also assert that Gillette violated California's consumer

3

protection laws and engaged in false and deceptive advertising practices. (Corrales Compl. ¶¶31-53). Both actions assert a class of California consumers who purchased Gillette's M3 Power razor. As such, the Plaintiffs described in the Corrales complaint, including Corrales himself, are class members as the class is defined in the Atkins complaint. (Compare Atkins Compl, ¶16 with Corrales Compl. ¶20). The Atkins action was filed on June 3, 2005 and the Corrales action was filed on June 9, 2005.

If the Panel grants Windom's motion for transfer and coordination or consolidation, it should also dismiss the Corrales action at this time, as it is duplicative, confusing and unnecessary to transfer and consolidate two identical cases that are pending in the same Court. Indeed, if these cases were not subject to Windom's transfer motion, the Corrales action would be subject to dismissal in the Central District of California under the "first to file" rule.

### 2. The Corrales Action Should Be Dismissed Under the "First to File" Rule

It is appropriate for the Panel to dismiss the Corrales action because it was filed after the Atkins action was filed. Where two cases have been commenced concerning the same claims, the later-filed suit must give way to the first. See Pacesetter Systems, Inc. v. Medtronic, Inc., et al., 678 F.Supp 93, 95 (9th Cir. 1982). This "first to file" rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." In re Burley, 738 F.2d 981, 988 (9th Cir. 1984). For purposes of first-to-file chronology, the date that an original complaint is filed controls. See Plating Res., Inc. v. UTI Corp., 47 F. Supp.2d 899, 904 (N.D. Ohio 1999).

4

While the "first-to-file" rule generally applies to duplicative actions filed in different federal district courts, the fact that the Corrales action was filed in the same federal district court as the Atkins action presents an even more compelling reason to apply the rule. The "first-to-file" rule seeks to prohibit duplicative litigation in different federal courts to avoid confusion and the wasting of resources. These reasons are even more acute when a duplicative subsequent action is filed in the exact same court. Both the Corrales action and the Atkins action seek to recover against Gillette under California's consumer protection law and for false and deceptive advertising practices that Gillette used in marketing its M3 Power razor. Accordingly, if the Panel transfers and consolidates or coordinates the cases subject to Windom's Motion to Transfer, .the Panel should also find that the situation presented in the present action warrants the application of the "first-to-file" rule and dismiss the Corrales action.

### Conclusion

Atkins does not oppose Windom's Motion for transfer and consolidation or coordination under 28 U.S.C. §1407. However, Atkins requests that the Panel dismiss the Corrales action if the pending cases are transferred and consolidated or coordinated under the "first to file" rule to avoid any additional duplication and confusion.

Dated: July 1, 2005

VERBOON MILSTEIN & PETER, LLP

By: _Gillian Wade_

Wayne S. Kreger (Cal. Bar No.154759)
Lee Jackson (Cal. Bar No. 216970)
Gillian L. Wade (Cal. Bar No. 229124)
**VERBOON, MILSTEIN & PETER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:     310.396.9600
Fax:             310.396.9635
Attorneys for Individual and Representative
Plaintiff David Atkins

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 6 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

In re:                                            MDL Docket No. 1704

M3POWER RAZOR SYSTEM
MARKETING & SALES PRACTICES
LITIGATION

**CERTIFICATE OF SERVICE**

Wayne S. Kreger
Lee Jackson
Gillian L. Wade
**VERBOON, MILSTEIN & PETER, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:    310.396.9600
Fax:            310.396.9635

Attorneys for Individual and Representative
Plaintiff David Atkins

I, Lida Daneshfar, employed by Verboon, Milstein & Petter, LLP, do hereby state under penalty of perjury that:

1.  On July 1, 2005, I caused to be served the following papers:

**PLAINTIFF DAVID ATKINS' RESPONSE MOVANT KEVIN WINDOM'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C.§ 1407**

2.  On July 1, 2005, I caused those papers to be served by Federal Express upon:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judicial Building
Room G-255, North Lobby
Washington, D.C.  20002-8004

3.  On July 1, 2005, I caused those papers to be served via First Class Mail upon:

**See Attached Service List**

Executed on July 1, 2005, at Santa Monica, California.

Lida Daneshfar

-2-

United States District Court, Los Angeles Central District Court
Civil Action No. CV 05-4024 DDP
**Service List**

| | | |
|---|---|---|
| Clerk of the Court **UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA** 312 N. Spring St., #G-8 Los Angeles, CA 90012-4793 | Taras P. Kick G. James Strenio Anthony E. Chavez Thomas G. Martin **THE KICK LAW FIRM, APC** 660 South Figueroa St., Suite 1800 Los Angeles, CA 90017 Tel: (213) 624-1588 Fax: (213) 624-1589 *Attorney for: Plaintiff Carlos Corrales* | Clerk of the Court **UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS** John Joseph Moakley U.S. Courthouse 1 Courthouse Way, #1-3rd Floor Boston, MA 02210 |
| David Pastor **GILMAN AND PASTOR, LLP** 60 State St., 37th Floor Boston, CA 02109 Tel: (617) 742-9700 Fax: (617) 742-9701 *Attorney for: Plaintiffs Kristopher Kenessky And Steven Myers* | Jason L. Brodsky Even J. Smith Marc L. Ackerman **BRODSKY & SMITH LLC** Two Bala Plaza, Suite 602 Bala Cynwyd, PA 19004 Tel: (610) 667-6200 Fax: (610) 667-9029 *Attorney for: Plaintiffs Kristopher Kenessky And Steven Myers* | C. Brooks Cutter Mark J. Tamblyn **KERSHAW, CUTTER & RATINOFF, LLP** 980 9th Street, 19th Floor Sacramento, CA 95814 Tel: (916) 448-9800 Fax: (916) 669-4499 *Attorney for: Plaintiff Kevin Windom* |
| Brandon O. Gibson **PENTECOST, GLENN & RUDD, PLLC** 106 Stonebridge Blvd Jackson, TN 38305 Tel: (731) 668-5995 Fax: (731) 668-7163 *Attorney for: Plaintiff Grant W. Jackson* | Frank L. Watson William F. Burns **WATSON BURNS, PLLC** One Commerce Square, Suite 2600 Memphis, TN 38103 Tel: (901) 578-3528 Fax: (901) 578-2649 *Attorney for: Plaintiff Tracy Gorea* | Arthur Horne Murray Wells **HORNE & WELLS, PLLC** 81 Monroe Ave., Suite 400 Memphis, TN 38103 Tel: (901) 507-2520 Fax: (901) 507-2524 *Attorney for: Plaintiff Tracy Gorea* |

Atkins et al. v. The Gillette Company

United States District Court, Los Angeles Central District Court

Civil Action No. CV 05-4024 DDP

## Service List

| | | |
|---|---|---|
| Samuel H. Rudman<br>Robert M. Rothman<br>**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**<br>200 Broadhollow Road, Suite 406<br>Melville, NY 11747<br><br>Tel: (631) 367-7100<br>Fax: (631) 367-1173<br><br>*Attorney for:*<br>*Plaintiff Mark Dearman* | Corey Holzer<br>Michael I. Fistel<br>**HOLZER & HOLZER, LLC**<br>1117 Perimeter Center West<br>Suite E-107<br>Atlanta, GA 30338<br><br>Tel: (770) 392-0090<br>Fax: (770) 392-0029<br><br>*Attorney for:*<br>*Plaintiffs Javier Tunon and Adam Kline* | Jason B. Rudd<br>Jon A. York<br>**PENTECOST, GLENN & RUDD, PLLC**<br>106 Stonebridge Blvd<br>Jackson, TN 38305<br><br>Tel: (731) 668-5995<br>Fax: (731) 668-7163<br><br>*Attorney for:*<br>*Plaintiff Holly Moore* |
| **CT CORPORATIONS SYSTEMS**<br>101 Federal Street<br>Boston, MA 02110<br><br>*Registered Agent for:*<br>*Defendant The Gillette Company* | James M. Spears<br>Peter M. Brody<br>**ROPES & GRAY LLP**<br>One Metro Center<br>700 12th Street, N.W.<br>Washington, D.C. 20005<br><br>Tel: (617) 951-7000<br>Fax: (617) 951-7050<br><br>*Attorney for:*<br>*Defendant The Gillette Company* | Thomas G. Shapiro<br>Theodore M. Hess-Mahan<br>**SHAPIRO HABER & URMY LLP**<br>53 State Street<br>Boston, MA 02109<br><br>Tel: (617) 439-3939<br>Fax: (617) 439-0134<br><br>*Attorney for:*<br>*Plaintiff Mark Dearman* |
| Thomas M. Sobol<br>Edward Notargiacomo<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>One Main Street, 4th Floor<br>Cambridge, MA 02142<br><br>Tel: (617) 482-3700<br>Fax: (617) 482-3003<br><br>*Attorney for:*<br>*Plaintiff Kevin Windom* | Kenneth A. Wexler<br>Edward A. Wallace<br>**THE WEXLER FIRM LLP**<br>One North LaSalle St., Suite 2000<br>Chicago, IL 60602<br><br>Tel: (312) 346-2222<br>Fax: (312) 346-0022<br><br>*Attorney for:*<br>*Plaintiff Kevin Windom* | Charles A. McCallum<br>R. Brent Irby<br>**McCALLUM, HOAGLUND, COOK & IRBY, LLP**<br>2062 Columbiana Road<br>Vestavia Hills, AL 35216<br><br>Tel: (205) 824-7767<br>Fax: (205) 824-7768<br><br>*Attorney for:*<br>*Plaintiff Kevin Windom* |

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

June 24, 2005

TO ALL INVOLVED COUNSEL

Re: MDL-1704 -- In re M3Power Razor System Marketing & Sales Practices Litigation

Panel Attorney Service List

Dear Counsel:

Pursuant to Rule 5.2(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 431 (2001), I am enclosing a copy of the Panel Attorney Service List in the above-referenced litigation. This list has been prepared on the basis of the appearances received. If you have any corrections or changes, please notify us immediately in writing and distribute copies of your notification to all counsel and/or parties appearing on the Panel Attorney Service List.

In the future, copies of opinions, order, notices, etc., distributed by this office will be sent only to attorneys appearing on this list. **Rule 5.2(a) requires that a copy of this list be _attached_ to your proof of service for the distribution of future materials directed to the Panel and is to be supplemented in the proof of service in the event of the presence of additional parties or successor counsel.** If the Panel determines that Section 1407 transfer is appropriate in this litigation, a copy of this list will be directed to the designated transferee court for their reference.

Very truly,

Michael J. Beck
Clerk of the Panel

By
Deputy Clerk

Enclosure

JPML Form 24

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket:  1704 - In re M3Power Razor System Marketing & Sales Practices Litigation

Status:  Pending on  / /

Transferee District:          Judge:

Printed on 06/24/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Cutter, C. Brooks
Kershaw Cutter & Ratinoff, LLP
980 9th Street
19th Floor
Sacramento, CA 95814

=> Windom, Kevin*

Kreger, Wayne S.
Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

=> Atkins, David

Rudman, Samuel H.
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road
Suite 406
Melville, NY 11747

=> Dearman, Mark; Debiseglia, Anthony

Wolkoff, Harvey J.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

=> Gillette Co. (The)*

1 | **VERBOON, MILSTEIN & PETER, LLP**
Wayne S. Kreger, State Bar No. 154759
2 | Lee Jackson, State Bar No. 216970
Gillian Wade, State Bar No. 229124
3 | 2800 Donald Douglas Loop North
Santa Monica, California 90405
4 | Telephone: (310) 396-9600
Fax: (310) 396-9635
5 |
Attorneys for Plaintiff,
6 | David Atkins

7

8

9

## IN THE UNITED STATES DISTRICT COURT FOR

10 | ## THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

11 |
DAVID ATKINS, individually and on       ) **CASE NO.** CV05-4024 DDP FMOx   **BY FAX**
12 | behalf of all others similarly situated,  )
                                          ) CLASS ACTION
13 |                                       )
                                          ) COMPLAINT FOR DAMAGES
14 |            Plaintiff,                 )
                                          ) 1. CONSUMER FRAUD
15 |    vs.                               ) 2. UNFAIR BUSINESS PRACTICES
                                          ) 3. UNJUST ENRICHMENT
16 | THE GILLETTE COMPANY, a               ) 4. FALSE AND MISLEADING
     Delaware Corporation; and DOES 1     )    ADVERTISING IN VIOLATION
17 | through 50, inclusive,                )    OF BUSINESS AND
                                          )    PROFESSIONS CODE § 17200, et.
18 |            Defendants.               )    seq.
                                          ) 5. FALSE AND MISLEADING
19 |                                       )    ADVERTISING IN VIOLATION
                                          )    OF BUSINESS AND
20 |                                       )    PROFESSIONS CODE § 17500 et
                                          )    seq.
21 |                                       ) 6. VIOLATION OF CALIFORNIA
                                          )    CIVIL CODE § 1750, et. seq.
22 | _____)    (Consumer Legal Remedies Act)

23 |         Plaintiff David Atkins ("Plaintiff"), individually and on behalf of all other

24 | similarly-situated purchasers of the M3Power Razor ("M3Power") in the United

25 | States of America (the "Class"), brings this complaint against The Gillette Company

26 | and alleges as follows:

27 | ///

28 |

11315444 id - 6/3/2005 1.14.16 PM

## NATURE OF THE ACTION

1.    This is a class action for monetary damages against the Gillette Company ("Defendant") for Consumer Fraud, Unfair Business Practices, and Unjust Enrichment.  Defendants made false and misleading statements in their labeling, advertising and promotion of M3Power.

2.    The California class members take action against Defendants for false and misleading advertising in violation of Business & Professions Code Section 17200, et. seq., Business & Professions Code Section 17500, et seq. and Civil Code Section 1750.

3.    Defendants extensively market and advertise M3Power through television and print media towards the men's razor market, emphasizing the effects of M3Power and its capabilities.  Additionally, Defendants operate and maintain several websites, including www.gillette.com to advertise and promote M3Power.

4.    Such practices and representations were and are undertaken by Defendants in order to convince the consuming public to purchase M3Power. Defendants have disseminated or have caused to be disseminated these representations throughout California and the rest of the United States.  In response thereto, the consuming public has purchased millions of units of M3Power. Defendants have thereby garnered millions of dollars in revenue as a result of their misrepresentations.

5.    In their advertising and promotion of M3Power, Defendants claim that M3Power raises hair up and away from the skin.  The M3Power does not raise hair up and away from the skin.   Thus, Defendants misrepresent the function and capability of M3Power and receive enormous profits from said misrepresentations.

## JURISDICTION AND VENUE

6.    The United States District Court has subject matter jurisdiction in this proceeding pursuant to the Class Action Fairness Act of 2005.  There is diversity of

2

1  citizenship between at least one member of the plaintiff class and the Defendant,
2  and the matter in controversy exceeds $5,000,000 cumulatively, exclusive of
3  interest and costs.

4       7.     Venue is proper in this court pursuant to 28 U.S.C. section 1391(a)(3)
5  because Defendant is subject to personal jurisdiction in Los Angeles County.
6  Defendant received substantial compensation from sales in Los Angeles County,
7  and Defendant made numerous misrepresentations which had a substantial effect in
8  Los Angeles County, including, but not limited to television, magazine, newspaper,
9  and internet advertisements.

10                              **PARTIES**

11       8.     Plaintiff is, and at all times relevant hereto was, an individual residing
12  in Los Angeles County, California.  Plaintiff purchased M3Power in Los Angeles
13  County.  In doing so, Plaintiff relied upon advertising and other promotional
14  material which was prepared and approved by Defendants and their agents and
15  disseminated through national advertising media, containing the misrepresentations
16  alleged herein and designed to encourage persons in the men's razor market to
17  purchase M3Power.

18       9.     Plaintiff class members suffered from the false advertising within a
19  time period no more than 4 years prior to the filing of the complaint.

20       10.    Defendant is a Delaware Corporation with its principal executive
21  offices located at the Prudential Tower Building in Boston, Massachusetts.
22  M3Power is advertised as a Gillette product.

23       11.    Defendant Gillette has substantial contacts with and receives
24  substantial benefits and income from and through the State of California.

25       12.    The true names and capacities, whether individual, corporate,
26  associate, or otherwise of the Defendants named herein as DOES 1 through 50
27  inclusive are presently unknown to Plaintiff who therefore sues these Defendants by
28  fictitious names.  Plaintiffs will seek leave of this Court to amend this Complaint to

CLASS ACTION COMPLAINT FOR DAMAGES

1   show their true names and capacities when the same have been ascertained.

2   Plaintiff is informed and believes and based thereon alleges that DOES 1 through 50

3   were authorized to do and did business in Los Angeles County. Plaintiff is further

4   informed and believes and based thereon alleges that Does 1 through 50 were and/or

5   are, in some manner or way, responsible for and liable to Plaintiff for the events,

6   happenings, and damages hereinafter set forth below. (All defendants, including all

7   DOE defendants, are referred to herein collectively as "Defendants.")

8       13.    Plaintiff is informed and believes and based thereon alleges that at all

9   times relevant herein each Defendant was the agent, servant, employee, subsidiary,

10   affiliate, partner, assignee, successor-in-interest, alter ego or other representative of

11   each of the remaining defendants and was acting in such capacity in doing the

12   things herein complained of and alleged.

13       14.    In committing the wrongful acts alleged herein, Defendants planned

14   and participated in and furthered a common scheme by means of false, misleading,

15   deceptive and fraudulent representations to induce members of the public to

16   purchase M3Power. Defendants participated in the making of such representations

17   in that each did disseminate or cause to be disseminated said misrepresentations.

18       15.    Defendants, upon becoming involved with the design, manufacture,

19   advertising, and sale of M3Power, knew or should have known that the M3Power

20   did not have the performance capabilities as advertised in various M3Power

21   advertising and promotional materials. Defendants affirmatively misrepresented the

22   capabilities of M3Power, and the effect of said razor, in order to convince the public

23   and M3Power users to purchase and use M3Power, resulting in profits of millions

24   of dollars to Defendants, all to the damage and detriment of the consuming public.

25   Defendants knew or should have known of the affirmative misrepresentations made

26   regarding the capability and performance of M3Power.

27   ///

28   ///

4

CLASS ACTION COMPLAINT FOR DAMAGES

## CLASS ACTION ALLEGATIONS

**Class Definition**

16.    Plaintiffs bring this action on behalf of multi-state, and alternatively statewide, classes of consumer plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure as herein defined. Plaintiffs assert their claims for unfair business practices and consumer fraud/deception in their individual capacity and on behalf of all other M3Power users who meet the following definitions.

    a.  **Consumer Fraud Subclass Pursuant to 23(b)(3)**: All consumers who, in the last 4 years, purchased M3Power within Alabama, Alaska, Arkansas, California, Colorado, Delaware, Georgia, Idaho, Indiana, Kansas, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia and Wyoming, respectively.

    b.  **Unfair Competition Subclass Pursuant to 23(b)(3)**: All consumers who, in the last 4 years, M3Power within Arizona, Arkansas, California, Connecticut, Delaware, Hawaii, Idaho, Iowa, Illinois, Kentucky, Louisiana, Maine, Massachusetts, Minnesota, Missouri, Montana, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Washington and Wisconsin respectively.

17.    This action is brought, in part, and may be maintained, in part, as a class action pursuant to Rule 23 of the Federal Rules of Procedure with respect to the unfair competition and consumer fraud subclasses. This action satisfies each provision of the Rule's numerosity, commonality, typicality, adequacy, predominance and\or superiority requirements.

///

///

5

1  **Plaintiffs Classes Satisfy Rule 23(a)**

2      18.   The class and subclasses are so numerous that joinder of all parties is

3  impracticable. Millions of consumers purchased M3Power, thus satisfying the

4  requirement of Fed.R.Civ.P. 23(a)(1).

5      19.   Gillette's practices as alleged herein were applied uniformly to all class

6  members, thus satisfying the requirements of Fed.R.Civ.P. 23(a)(2).

7      20.   Common questions of law and\or fact shared by the class members

8  include without limitation:

9          a.   Whether Gillette falsely represented M3Power's characteristics, uses

10              and benefits to consumers directly and to physicians through its

11              marketing campaigns

12         b.   Whether Gillette continued to manufacture, market, distribute, and sell

13              M3Power notwithstanding its knowledge of the products inability to

14              perform as advertised

15         c.   Whether Defendant's conduct violated the consumer protection laws of

16              the 50 states and the District of Columbia

17     21.   The foregoing questions predominate over any questions affecting only

18  individual persons. Class adjudication is the superior modality over other methods

19  to resolve these claims: it will provide the consistency, economy, efficiency,

20  fairness and equity necessary to adjudicate this controversy fairly and efficiently.

21     22.   The Representative Plaintiffs' claims are typical of the class members'

22  claims. The representatives purchased and used M3Power.  Gillette caused the

23  unfair competition and consumer fraud representatives and class members injury in

24  fact by its false, deceptive and fraudulent M3Power marketing. Moreover, the

25  Representative Plaintiffs base their entitlement to relief on the same legal and

26  factual theories as their respective subclass members, thus satisfying the

27  requirements of Fed.R.Civ.P. 23(a)(3).

28

CLASS ACTION COMPLAINT FOR DAMAGES

1    23.    The Representative Plaintiffs will fairly and adequately protect the

2  interest of their respective subclasses because they have no interests adverse to the

3  class and will vigorously litigate this suit through attorneys who are experienced in

4  class action litigation, thus satisfying the requirements of Fed.R.Civ.P. 23(a)(4).

5  **Plaintiffs' Consumer Protection Sub-Classes Satisfy Rule 23(b)(3).**

6    24.    Certification of the unfair competition and consumer fraud subclasses

7  is appropriate under Fed.R.Civ.P. 23(b)(3) because the questions of law or fact

8  common to the respective subclass members predominate over questions of law or

9  fact affecting only individual members. This predominance makes class litigation

10  superior to any other method available for the fair and efficient adjudication of these

11  claims. Absent a class action, it will be highly unlikely the Representative Plaintiffs

12  or any class member would be able to protect their interests because the cost of

13  pursuing individual actions would exceed any expected recovery.

14

15                    **FIRST CAUSE OF ACTION**

16                      **CONSUMER FRAUD**

17                      **(Class Allegation)**

18    25.    Plaintiff incorporates by reference the allegations in all preceding

19  paragraphs of this Complaint as though fully set forth in this paragraph.

20    26.    Plaintiff pleads this Cause of Action on behalf of the Consumer Fraud

21  Subclasses in paragraph 15(A) hereof.

22    27.    At all times herein mentioned, Defendant had an obligation not to

23  violate the law, in the research, distribution, marketing, labeling, and packaging of

24  M3Power.

25    28.    In the manner previously alleged, Gillette heavily marketed M3Power

26  through direct to consumer advertisements. These consumer advertisements falsely

27  represented capabilities and functions the razor did not provide. Gillette's direct to

28  consumer advertising accomplished its goal of creating consumer demand for

7

1  M3Power by exaggerating its capabilities and functions. Plaintiff and class

2  members purchased M3Power understanding, based on Gillette's marketing, the

3  product performed in a certain manner. Plaintiff and class members remained

4  ignorant about the facts that M3Power did not raise hair up and away from the face,

5  as Gillette claimed M3Power did.

6      29.   Gillette knowingly made false representations to consumers through its

7  marketing campaigns concerning M3Power's characteristics, uses and benefits.

8  Gillette grossly exaggerated M3Power's beneficial characteristics, uses and

9  benefits.

10     30.   Gillette's alleged conduct constituted consumer fraud in violation of

11  the following statutes in their respective jurisdictions:

12  Ala.Code
   § 8-19-5(2)(3)(5);

13

14  AlaskaStat.
   §45.50.471(b)(3)(4)(11);

15

16  Ark.Rev.Stat.
   § 4-88-107(a)(1)(10);

17

18  Ca.Civ.Code
   §§ 1770(a)(2)(3)(5);

19

20  Col.Rev.Stat.
   § 6-1-105(1)(b)(e)(u);

21  6 Del.C.

22  §2532(a)(2)(3)(5);

23

24  D.C. Code
   §28-3904(a)(e)(f);

25  Ga.Stat.
   § 10-1-372(a)(2)(3)(5),

26  (b)(5)(7);

27  Idaho Code
   § 48-603(2)(3)(5);

28

Md. Comm.Code
§13-301(1),(2)(I), (3),
(9)(I);

Mich.Stat.
§445.903 (1)(a)(c)(cc);

Minn.Stat.
§325D.44, subd. (1)(1),
(1)(5), (1)(13);
Md. Comm.Code
§13-301(1),(2)(I), (3),
(9)(I);

Mich.Stat.
§445.903 (1)(a)(c)(cc);
Minn.Stat.
§325D.44, subd. (1)(1),
(1)(5), (1)(13);
Miss.Code
§75-24-5(2)(b)(c)(e);
Neb.Rev.Stat.
§87-302(a)(2)(3)(5);

Nev.Rev.Stat.
§598.0915(2)(5);

Or.Rev.Stat.
§646.608(1)(b)(c)(e)(t);

73 Pa. Sta.
§201-3; 201- 2(4)(ii)
(iii)(iv)(xxi);
R.I.Gen.Laws § 6-13.1-
1(5)(ii)(iii); (v)
(vii)(viii)(xiv);
S.C.Code
§39-5-20(a);

S.D.Code Laws
§37-24-6(1);
Tenn.Code.Ann.
§ 47-18-104(b)(2)(3)
(5)(27);
Tex.Bus.&Com. Code
§ 17.46(b)(2)(3)(5);
Utah Code
§ 13-11-4(2)(a)(I);

Va.Code
§ 59.1-200(A)(2)(5)(14);

8

CLASS ACTION COMPLAINT FOR DAMAGES

| 815 ILCS | N.H.Rev.Stat. | W.Va.Code |
|---|---|---|
| § 510/2 (2)(3)(5)(12); | §358-A:2(II)(III)(V); | § 46A-6-102(f)(2)(3)(5)(12)(13); |
| Ind.Code | Ohio Rev.Code | Wyo. Stat. |
| § 24-5-0.5-3(a)(1). | §51-15-02(A)(B)(1)(9); accord, §4165.02(A)(2)(7),(A)(3); | § 40-12-105(a)(I). |
| Kan.Stat.Ann. | Okla.Stat. | |
| §50-626(b)(1)(A),(G)(2)(3); | §§ 753(2)(3)(5)(20); | |

31.   The plaintiffs and putative class members materially relied upon these representations by purchasing and consuming M3Power.

32.   As a direct and proximate result of Gillette's consumer fraud, plaintiffs and class members have suffered ascertainable loss and compensable damage. Plaintiffs and class members are therefore entitled to equitable relief, including restitution of all monies paid for M3Power. Plaintiffs and class members are further entitled to disgorgement of Gillette's profits accrued from their unfair, fraudulent and unlawful practices, attorney's fees and costs.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION

### (Class Allegation)

33.   Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

34.   Plaintiff pleads this Cause of Action on behalf of the Consumer Fraud Subclasses in paragraph 15(B) hereof.

35.   At all times herein mentioned, Defendant had an obligation not to violate the law, in the research, distribution, marketing, labeling, and packaging of M3Power.

9

36.   In the manner previously alleged, Gillette heavily marketed M3Power through direct to consumer advertisements. These consumer advertisements falsely represented capabilities and functions the razor did not provide.  Gillette's direct to consumer advertising accomplished its goal of creating consumer demand for M3Power by exaggerating its capabilities and functions. Plaintiff and class members purchased M3Power understanding, based on Gillette's marketing, the product performed in a certain manner. Plaintiff and class members remained ignorant about the facts that M3Power did not raise hair up and away from the face, as Gillette claimed M3Power did.

37.   Gillette knowingly made false representations to consumers through its marketing campaigns concerning M3Power's characteristics, uses and benefits. Gillette grossly exaggerated M3Power's beneficial characteristics, uses and benefits.

38.`  Gillette's alleged conduct constituted consumer fraud in violation of the following statutes in their respective jurisdictions:

| A.R.S. § 44-1522(A); | Ark.Rev.Stat. § 4-88-108(1); | Cal.Bus.&Prof. Code § 17200; |
| --- | --- | --- |
| Conn.Gen.Stat. § 42-110b; | 6 Del. C. § 2513(a); | Fla.Stat. § 501.204(1); |
| Haw.Rev.Stat. § 480-2; | Idaho Code § 48-603(17); | Iowa Code Ann. §714.16.2(a); |
| 815 ILCS § 505/2; | Ky.Rev.Stat. § 367.170(2); | La.Rev.Stat. § 51:1405(A); |
| 5 Me.Rev.Stat. § 207(1); | Mass.Gen.Law Code 93A, §2; | Minn.Stat. § 325F.69; |
| Mo. Stat. Ann. § 407.020(1); | Mont.Code § 30-14-103; | Neb.Rev.Stat. § 59-1602; |

10

CLASS ACTION COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| N.J.Rev.Stat. § 56:8-2; | N.M.Rev.Stat. § 56:8-3; | N.Y. Gen. Bus. Law § 349(a); |
| N.C.Gen.Stat. § 75-1.1(a); | N.D.Cent.Code § 51-15-02; | Okla.Stat. §§ 752(13)(14); |
| R.I.Gen.Laws § 6-13.1-2; | Tenn.Code.Ann. § 47-18-104(a); | Tex.Bus.&Com.Code § 17.46(a); |
| 9 Vt. Stat. § 2453(a); | Wash. Rev. Code § 19.86.020; | Wis. Stat. § 100.18(1). |

39.     The plaintiffs and putative class members materially relied upon these representations by purchasing and consuming M3Power.

40.     As a direct and proximate result of Gillette's consumer fraud, plaintiffs and class members have suffered ascertainable loss and compensable damage. Plaintiffs and class members are therefore entitled to equitable relief, including restitution of all monies paid for M3Power. Plaintiffs and class members are further entitled to disgorgement of Gillette's profits accrued from their unfair, fraudulent and unlawful practices, attorney's fees and costs.

## THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
#### (Class Allegation)

41.     Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

42.     Plaintiff pleads this Cause of Action on behalf of the Unfair Competition and Consumer Fraud Subclasses, respectively, defined supra paragraph 15(A)(B).

43.     Defendant is the manufacturer, seller, and/or supplier of the men's razor, M3Power. Plaintiff and class members purchased M3Power for the purpose of

11

11315444 14 - 6/3/2005 1.14 16 PM

1    shaving with M3Power's advertised capabilities and functions including, but not

2    limited to, raising and lifting hair away from the face, as represented by Defendant.

3        44.    The plaintiffs and putative class members materially relied upon these

4    representations by purchasing and consuming M3Power.

5        45.    It would be inequitable for the Defendant to keep this money if the

6    Plaintiffs did not in fact receive said benefits.

7        46.    Plaintiff and class members are entitled to restitution of their purchase

8    monies, disgorgement of Gillette's profits accrued from their unfair, fraudulent and

9    unlawful practices, attorney's fees and costs.

10

11                          **FOURTH CAUSE OF ACTION**

12   **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS**

13                    **& PROFESSIONS CODE § 17200, et. seq.**

14             **(California class members versus every Defendant)**

15       47.    Plaintiff incorporates by reference the allegations in all preceding

16   paragraphs of this Complaint as though fully set forth in this paragraph.

17       48.    Defendant, in the labeling and advertising of M3Power made and

18   continue to make false and misleading statements regarding the function and

19   capability of M3Power.

20       49.    In the advertising and promotion of M3Power, Defendant represents

21   through visual depictions and other methods that M3Power razor will lift hair up

22   and away from the skin before the razor blade cuts the hair.  However, M3Power

23   does not lift hair up and away from the face.  M3Power does not perform the

24   functions that Gillette claims it does in its promotion and advertising of M3Power.

25   Because M3Power does not perform as claimed, Defendant's representations are

26   false and misleading.

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

50.   Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known that M3Power did not perform as claimed in the promotion and advertising of M3Power.

51.   As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of the California Business & Professions Code § 17200.

52.   In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

53.   Plaintiff, David Atkins, relied on the false representation that M3Power raises and lifts hair away from the face, and purchased M3Power because of this alleged function, and thus Plaintiff suffered a loss of money.

54.   Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of M3Power.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

55.   The claims of the representative Plaintiff are typical of the claims of the Class, and the representative Plaintiff will fairly and adequately protect the

13

1   interests of the Class.   Plaintiff has retained counsel who are competent and
2   experienced in class action and other complex litigation.

3       56.   Defendants' actions as described in this Complaint were done with
4   conscious disregard of Plaintiff's rights and Defendants were wanton and malicious
5   in their concealment of same.  Defendants' actions were committed in order to vex,
6   anger and annoy Plaintiff.  Plaintiff is therefore entitled to exemplary and punitive
7   damages against Defendants.

8

9                       **FIFTH CAUSE OF ACTION**

10  **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS**
11  **& PROFESSIONS CODE § 17500, et. seq.**

12        **(California class members versus every Defendant)**

13      57. `  Plaintiff incorporates by reference the allegations in all preceding
14  paragraphs of this Complaint as though fully set forth in this paragraph.

15      58.   Defendants in their labeling and advertising of M3Power made and
16  continue to make false and misleading statements regarding the function and
17  capability of M3Power.

18      59.   In their advertising and promotion of M3Power, Defendants
19  demonstrate through visual depictions that the M3Power razor will lift hair up and
20  away from the skin before the razor blade cuts the hair.  In turn, M3Power is
21  claimed to offer a superior shaving experience.  However, M3Power does not lift
22  hair up and away from the face.  M3Power does not perform the functions that
23  Gillette claims it does in its promotion and advertising of M3Power.  Because
24  M3Power does not perform as claimed, Defendant's representations are false and
25  misleading.

26      60.   Plaintiff is informed and believes and based thereon alleges that
27  Defendants knew or should have known that M3Power did not perform as claimed
28  in the promotion and advertising of M3Power.

14

11316444 td - 6/3/2005 1:14:16 PM

61.   Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known that M3Power had not been tested.

62.   As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of the California Business & Professions Code § 17200.

63.   In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

64.   Plaintiff, David Atkins, relied on the false representation that M3Power raises and lifts hair away from the face, and purchased M3Power because of this alleged function, and thus Plaintiff suffered a loss of money.

65.   Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of M3Power. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

66.   The claims of the representative Plaintiff are typical of the claims of the Class, and the representative Plaintiff will fairly and adequately protect the interests of the Class.   Plaintiff has retained counsel who are competent and experienced in class action and other complex litigation.

15

CLASS ACTION COMPLAINT FOR DAMAGES

67. Defendants' actions as described in this Complaint were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of same. Defendants' actions were committed in order to vex, anger and annoy Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages against Defendants.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et. seq.

### (California class members versus every Defendant)

68. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

69. This cause of action is brought pursuant to Civil Code § 1750, et seq., the Consumers Legal Remedies Act, on behalf of a Class consisting of all consumers similarly situated to Plaintiff who at any time since its introduction into the market purchased M3Power (the "Consumer Class").

70. The Consumer Class consists of hundreds of thousands of persons, the joinder of whom is impracticable.

71. There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members.

72. Pursuant to Civil Code § 1782, Plaintiff notified Defendants of the particular violations of § 1770 and demanded that Defendants discontinue such practices.

73. The policies, acts, and practices heretofore described were intended to result and resulted in the sale of M3Power to the consuming public, particularly those seeking weight loss, and violated and continue to violate § 1770(a)(5) by representing that M3Power has characteristics and benefits which M3Power in fact does not have.

16

CLASS ACTION COMPLAINT FOR DAMAGES

74.   Pursuant to § 1780(a) of the Act, Plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from distributing such false advertising and misrepresentations and requiring Defendants to pay restitution to Plaintiff and all Class members, so as to restore any and all money to Plaintiff and members of the Class which was acquired by means of such unfair competition.  Plaintiff shall be irreparably harmed if such an order is not granted.

75.   Defendants' actions as described in this complaint were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of same.  Defendants' actions were committed in order to vex, anger and annoy Plaintiff.  Plaintiff is therefore entitled to exemplary and punitive damages against Defendants.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17

1                          **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff, on behalf of themselves and on behalf of the

3    members of the Class defined herein, pray for judgment and relief on all Causes of

4    Action as follows:

5          A.    An order certifying that the action may be maintained as a Class

6                Action;

7          B.    Compensatory damages in an amount to be proven at trial;

8          C.    Punitive damages;

9          D.    An order enjoining Defendants from pursuing the policies, acts, and

10               practices complained of herein and requiring Defendants to pay

11               restitution to Plaintiff and all members of the Class;

12         E.    Reasonable attorneys' fees;

13         F.    Costs of this suit; and

14         G.    Such other and further relief as the Court may deem necessary or

15               appropriate.

16

17   DATED: June 3, 2005                    VERBOON, MILSTEIN & PETER, LLP

18

19                                          _____

20                                          By: Wayne S. Kreger
                                            Lee Jackson
21                                          Gillian Wade
                                            Attorneys for Plaintiff,
22                                          David Atkins

23

24

25

26

27

28

18
CLASS ACTION COMPLAINT FOR DAMAGES

11318444 hl - 6/3/2005 1 14 18 PM

1   ## DEMAND FOR JURY TRIAL

2

3   Plaintiff hereby demands a trial by jury.

4

5

6

7

8

9   DATED:  June 3, 2005              VERBOON, MILSTEIN & PETER, LLP

10

11   _____

12   By: Wayne S. Kreger
     Lee Jackson
13   Gillian Wade
     Attorneys for Plaintiff,
14   David Atkins

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

CLASS ACTION COMPLAINT FOR DAMAGES

**Exhibit B**

**ORIGINAL**

1 | Taras P. Kick (State Bar No. 143379)
G. James Strenio (State Bar No. 177624)
2 | Anthony E. Chavez (State Bar No. 126623)
Thomas G. Martin (State Bar No. 195627)
3 | The Kick Law Firm, APC
660 South Figueroa Street, Suite 1800
4 | Los Angeles, California 90017
(213) 624-1588; Fax (213) 624-1589
5
Attorneys for Plaintiff,
6 | CARLOS CORRALES

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | CARLOS CORRALES,  | Case No. CV05-4116 AHM
individually and on behalf of all  | (C )
11 | others similarly situated,
| **CLASS ACTION COMPLAINT**
12 | Plaintiff, | **FOR:**

13 | v. | **1. Violations of *California Business*
| *& Professions Code* §17200, *et seq.***
14 | THE GILLETTE COMPANY, and
15 | DOES 1-1000, inclusive, | **2. Violations of *California Business*
| *& Professions Code* §17500, *et seq.***
16 | Defendants.
| **3. Violations of *California Civil Code*
| § 1750, *et seq.***
17

18 | **JURY TRIAL DEMANDED**

19

20 | **JURISDICTION AND VENUE**

21 | 1. This Court has jurisdiction pursuant to the Class Action Fairness Act,
22 | 28 U.S.C. §1332(d). Jurisdiction is proper because (1) the claims of all plaintiffs,
23 | aggregated together, exceed $5,000,000 and (2) the plaintiff and the defendant are
24 | citizens of different states. (28 U.S.C. §1332(d)(2) and (6).) Venue is proper in
25 | this court under 28 U.S.C. §1391(b) because the acts or omissions complained of
26 | herein have occurred or will occur in the Central District.
27 | \\\
28 | \\\

i
CLASS ACTION COMPLAINT

## NATURE OF ACTION

2.    This is a consumer fraud action against defendant The Gillette Company ("Gillette") arising out of false and misleading advertising regarding its newest and highest-priced razor, the M3Power (the "M3P").

3.    Growth in the share of the worldwide razor market depends heavily on persuading consumers to "trade up" from older shaving designs to new, premium-priced and technologically-advanced shaving products that have been introduced in recent years. Advertising is the primary means by which Gillette tries to persuade consumers to trade up and Gillette invests heavily in developing advertising claims to convince consumers to do so.

4.    In its advertising, Gillette has claimed and continues to claim that its M3P makes hair stand "up and away from skin" so that a closer shave results. This claim, uniformly made by Gillette in a variety of media, including television and prints ads, is false and deceptive. In its first year, sales of the M3P have exceeded tens of millions of dollars. This lawsuit seeks damages and restitution for consumers and disgorgement of profits obtained by Gillette through its false and deceptive M3P marketing and advertising scheme. This lawsuit also seeks an injunction to stop Gillette from making such false and deceptive claims.

## PARTIES

5.    Plaintiff Carlos Corrales ("Plaintiff") is and was, at all times herein mentioned, a consumer and resident of Los Angeles County, who, in reliance on Gillette's hair raising advertising claims, purchased a Gillette M3P in the State of California, County of Los Angeles for his own use.

6.    Gillette, a Delaware corporation headquartered in Boston, Massachusetts, manufacturers, markets, advertises and/or sells shaving related products, including the M3P. Gillette transacts substantial business in the State of California, County of Los Angeles.

\\\

1      7.   The true names and capacities, whether individual, corporate,

2   associate, or otherwise, of the defendants named herein as DOES 1 through 1000,

3   inclusive, are presently unknown to Plaintiff who, therefore, sues these defendants

4   by these fictitious names. Plaintiff will amend this complaint to allege the true

5   names and capacities of these defendants, together with such other allegations as

6   appropriate, when Plaintiff has ascertained this information.

7      8.   Each of the defendants designated herein as DOE took part in and

8   participated with the Defendant in all matters referred to herein and was in some

9   manner responsible for the injuries and losses suffered.

10     9.   At all material times herein, each defendant named herein, including

11  DOES 1 through 1000, acted as the co-conspirator, agent, servant, employee, joint

12  venturer or alter ego of the other defendants with respect to the acts, violations,

13  and common course of conduct alleged herein or is otherwise liable.

14     10.   The acts of Gillette and the DOES 1 through 1000 (collectively

15  referred to herein as "Defendants") alleged herein were authorized, ordered, or

16  done by their officers, agents, employees, or representatives, while actively

17  engaged in the management of the Defendants' businesses or affairs.

18                 **STATEMENT OF FACTS**

19     11.   Gillette launched the M3P in North America in May 2004. Gillette

20  called its M3P "revolutionary" because, using a AAA-sized battery in the razor

21  handle, it was said to "deliver[] gentle pulses to the shaving cartridge that

22  stimulate hair upward and away from the skin, making it dramatically easier to

23  shave more thoroughly than ever before." (These types of advertising claims by

24  Gillette are hereinafter referred to as "hair raising claims.")

25     12.   Hair raising claims are the cornerstone of Gillette's marketing for the

26  M3P in each of the media in which Gillette advertises. On its website, Gillette

27  asserts that the M3P's "[m]icro-pulses raise the hair up and away from skin so you

28  can shave closer and more thoroughly in one easy power stroke." Gillette's

1  website also claims that the M3P's "pulsing action stimulates hair upward and

2  away from the skin, making it dramatically easier to shave more thoroughly in one

3  easy power stroke."

4    13.   Similar claims are made by Gillette on the retail package for the M3P.

5  The package tells consumers that "[g]entle micro-pulses stimulate hair up and

6  away from skin.  In just one power stroke, you can get a closer and more thorough

7  shave.  So thorough, there is less need to reshave, which means less irritation."

8    14.   Gillette also has featured hair raising claims in its print

9  advertisements for the M3P.  A series of print ads says "Turn on the

10  battery-powered motor.  Micro-pulses raise the hair from your skin.  So the

11  PowerGlide blades can shave closer."  A separate print advertisement says "NEW!

12  Gillette M3 Power[.]  Micro-Power[.]  Stimulates hair up and away from skin so

13  you can get a closer and more thorough shave with less irritation."

14    15.   Gillette also has been aggressively advertising the M3P on television

15  featuring  the same false and misleading hair raising claims.  Television ads

16  making the deceptive claims have appeared many thousands of times in homes

17  across the country.  One series of television ads tells consumers "New Gillette M3

18  Power.  Turn it on and micro pulses raise the hair for the closest shave ever."  A

19  second series of ads says "Introducing Gillette M3P.  Turn on Gillette's first

20  micro-power shaving system.  Micro pulses raise the hair so you shave closer."

21    16.   Gillette's hair raising claims for the M3P have already had a profound

22  impact on consumer perception.  For example, on or about January 20, 2005, the

23  nationally syndicated daily comic strip "Pickles," by Brian Crane -- which on

24  information and belief is published in over 300 newspapers worldwide and is

25  available on the Internet -- made explicit reference to the hair raising claims.  The

26  comic strip parrots the wording of the hair raising claims, stating "The blades

27  gently vibrate, causing the hair to stand on end for a close shave."  The comic strip

28  reflects the extent to which Gillette's hair-raising claims have penetrated the

1  national consciousness.

2      17.   In December 2004, the Hamburg Regional Court in Germany, after

3  briefing and evidentiary submissions by Schick Manufacturing, Inc. ("Schick") as

4  the applicant and Gillette as the respondent, entered an injunction barring Gillette

5  from making hair raising claims in that country. In support of its request for an

6  injunction, Schick submitted the affidavit of David J. Leffell of the Yale School of

7  Medicine. Dr. Leffell, a renowned dermatologist, averred that he had determined

8  through observation, investigation and testing of the M3P that "there is no

9  physiologic or other scientific basis for the claim that the device can cause facial

10  hair to stand up proud in the manner described in the Gillette advertising. . . It is

11  my strong opinion, as a scientist and as a skin specialist of many years, that the

12  mild vibration effect of this product applied to the skin would not have any effect

13  on the hairs such as to cause them to be raised up or stand proud." Dr. Leffell

14  wrote that his "conclusion, therefore, as a scientist and based on my personal

15  observations, is that the claims in [Gillette's] advertising relating to this product's

16  ability to raise up hairs does not have any scientific basis. The product cannot be

17  demonstrated to have such an effect on facial hair."

18      18.   On May 31, 2005, the United States District Court in the District of

19  Connecticut, in the matter of *Schick Manufacturing, Inc. v. The Gillette Company*

20  (Civil Action No. 3-05-cv-174 (JCH)), after briefing and evidentiary submissions,

21  issued a preliminary injunction, further barring Gillette from making hair raising

22  claims. In the Court's Ruling Re Preliminary Injunction, U.S. District Judge Janet

23  C. Hall found that "Schick has established a likelihood of success on the merits of

24  its claims insofar as Gillette's claims regarding changes in hair angle and its

25  animation depicting an exaggerated amount of hair extension are literally false"

26  and thereby also "result in actual deception." (*Id.* at 23-24.) In finding that these

27  claims were material, Judge Hall observed: "It is clear that whether the M3 Power

28  raises hairs is material. Gillette's employees testified that television advertising

1  time is too valuable to include things that are 'unimportant.' Furthermore, in this

2  case, hair extension is the 'reason to believe' that the M3 Power is a worthwhile

3  product." (*Id.* at 24.)

4     19.   The value of the M3P represented in Gillette's advertising is greater

5  than the value of the M3P actually received by Plaintiff and Class members.  Had

6  Plaintiff and the Class members known that the hair raising claims were false, they

7  would not have purchased the M3P or would have paid less.

## CLASS ACTION ALLEGATIONS

9     20.   Plaintiff brings this action individually and as a class action on behalf

10 of all other persons who are similarly situated (the "Class").  The Class is

11 composed of: **All California residents who have purchased the M3Power**

12 **razor.**

13    21.`  Plaintiff seek class certification under *Federal Rules of Civil*

14 *Procedure*, Rules 23(a) and 23(b)(1),(2) and/or (3).

15    22.   The members of the Class are so numerous that a joinder of all

16 members would be impracticable.  While the exact number of the members of the

17 Class is unknown to Plaintiff at this time and can be determined only by

18 appropriate discovery, Plaintiff believes that the Class is likely to include

19 thousands of members.

20    23.   Membership in the Class is ascertainable.  The Class definition

21 identifies a group of unnamed plaintiffs by describing a set of common

22 characteristics sufficient to allow a member of that group to identify himself or

23 herself as having a right to recover based on the description.  The nature of notice

24 to the Class is contemplated to include notice in regional publications as approved

25 by the Court.

26    24.   A well-defined community of interest in the questions of law or fact

27 involving and affecting all members of the Class exists, and common questions of

28 law or fact are substantially similar and predominate over questions that may

affect only individual Class members.  The questions of law and/or fact common to Plaintiff and the Class members, *inter alia*, include:

    (a)    Whether the M3P or its micro-pulses or oscillations raise hair up and away from the skin;

    (b)    Whether Defendants' alleged acts and practices were "unlawful" and therefore violated *California Business & Professions Code* § 17200;

    (c)    Whether Defendants' alleged acts and practices were "unfair" and therefore violated *Business & Professions Code* § 17200;

    (d)    Whether Defendants' alleged acts and practices were "fraudulent" and therefore violated *Business & Professions Code* § 17200;

    (e)    Whether Defendants' misrepresentations, omissions, and concealment violated *California Business & Professions Code* § 17500; and

    (f)    Whether Defendants' misrepresentations, omissions, and concealment violated *California Civil Code* § 1770(a).

    25.    Plaintiff's claims are typical of all of the members of the Class. Plaintiff and the Class members are all purchasers of M3Ps.  The evidence and the legal theories regarding Defendants' alleged wrongful conduct are identical for Plaintiff and all Class members.

    26.    Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained competent counsel experienced in class action litigation to ensure such protection.  Plaintiff and his counsel intend to prosecute this action vigorously.

    27.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of

1  conduct for Defendants within the meaning of *Fed. R. Civ. P.*, Rule 23(b)(1)(A).

2      28.    Defendants have acted or refused to act on grounds generally
3  applicable to the Class, thereby making appropriate final injunctive relief or
4  corresponding declaratory relief with respect to the Class as a whole within the
5  meaning of Rule 23(b)(2).

6      29.    Questions of law or fact common to the members of the Class
7  predominate over any questions affecting only individual members within the
8  meaning of Rule23(b)(3).

9      30.    The class action is superior to all other available methods for the fair
10  and efficient adjudication of this case or controversy.  Because the injury suffered
11  by the Class members may be relatively small, the expense and burden of
12  individual litigation make it virtually impossible for Plaintiff and Class members
13  individually to seek redress for the alleged wrongful conduct.  Even if any
14  individual Class members could afford individual litigation, it would be unduly
15  burdensome to the courts in which the individual litigation(s) would proceed.  The
16  class action device is preferable to individual litigation(s) because it provides the
17  benefits of unitary adjudication, economies of scale, and comprehensive
18  adjudication by a single court.  In contrast, the prosecution of separate actions by
19  individual Class members would create a risk of inconsistent or varying
20  adjudications with respect to individual  Class members that would establish
21  incompatible standards of conduct for the party (or parties) opposing the Class and
22  would lead to repetitious trials of the numerous common questions of fact and law.
23  Plaintiff knows of no difficulty that will be encountered in the management of this
24  litigation that would preclude its maintenance as a class action.  As a result, a class
25  action is superior to other available methods for the fair and efficient adjudication
26  of this controversy.  Absent a class action, Plaintiff and Class members will
27  continue to suffer losses, thereby allowing these violations to proceed without
28  remedy and allowing Defendants to retain the proceeds of their ill-gotten gains.

**CLASS ACTION COMPLAINT**

## FIRST CAUSE OF ACTION

### For Violations of *California Business & Professions Code* § 17200, *et seq.*

(Against Gillette and Does 1-1000, inclusive)

31.   Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in each of the preceding paragraphs (1-30) and in each of the succeeding paragraphs (39-53), as though fully incorporated herein, made a part hereof, and set forth herein.

32.   California's Unfair Competition Law ("UCL") defines unfair business competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. (*Cal. Bus. & Prof. Code* §17200, *et seq.*)

33.   Defendants' acts and practices, as alleged herein, violate the UCL. By engaging in the above-described acts and practices, including the actions and omissions herein alleged, Defendants have committed one or more acts of unfair competition within the meaning of *Business & Professions Code* § 17200. Defendants' acts and practices constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of the UCL.

34.   Defendants' acts and practices are "unlawful," within the meaning of the UCL, because they, *inter alia*, violate *Business & Professions Code* §17500, *et seq.*, and the Consumer Legal Remedies Act, *Civil Code* § 1770, *et. seq.*, as set forth below in Plaintiff's Second and Third Causes of Action.

35.   Defendants' act and practices are "unfair," within the meaning of the UCL, because they are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.  And, the gravity of the harm to consumers from Defendants' acts and practices outweigh any utility of the acts and practices.

36.   Defendants' acts and practices are "fraudulent," within the meaning of the UCL, because their misrepresentations are likely to deceive the public.

37.   Plaintiff and the members of the Class have suffered injury and have lost money or property as a result of Defendants' violations of the UCL.

9

38.   Such conduct is ongoing and continues to this date.  Plaintiff and the Class members are therefore entitled to the relief described below.

### SECOND CAUSE OF ACTION

**For Violations of *California Business & Professions Code* § 17500, *et seq.***

(Against Gillette and Does 1-1000, inclusive)

39.   Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in each of the preceding paragraphs as though fully incorporated herein, made a part hereof, and set forth herein.

40.   As alleged herein, Defendants' advertising falsely and deceptively represents, *inter alia*, the hair raising capabilities of the M3P.  The advertising is by its nature, unfair competition and unfair, deceptive, untrue, or misleading advertising within the meaning of *California Business & Professions Code* §17500 *et seq.*  Such advertisements are likely to have deceived, were deceived, and continue to deceive the consuming public.

41.   The above-described false, misleading, and deceptive advertising conducted by Defendants continues to have a tendency to deceive the general public in that Defendants have failed to cease such advertising.

42.   The misrepresentations and non-disclosures by Defendants of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of, *Business & Professions Code* §17500 *et seq.*

43.   Plaintiff and the members of the Class have suffered injury and have lost money or property as a result of Defendants' violations of *Business & Professions Code* §17500 *et seq.*

44.   Such conduct is ongoing and continues to this date. Plaintiff, the Class members are therefore entitled to the relief described below.

\\\
\\\
\\\

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

**For Violations of *California Civil Code* §1750, *et seq*.**

(Against Gillette and Does 1-1000, inclusive)

45.   Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in each of the preceding paragraphs as though fully incorporated herein, made a part hereof, and set forth herein.

46.   This cause of action is brought pursuant to California's Consumers Legal Remedies Act, *California Civil Code* §1750, *et seq*. (the "CLRA").

47.   Plaintiff and Class members are individuals who sought and acquired, by purchase, a M3P for personal, family, or household purposes. Plaintiff and Class members are therefore consumers within the meaning of the CLRA, *Civil Code* § 1761(d).

48.   Defendants and each of them are persons within the meaning of the CLRA, *Civil Code* § 1761(c).

49.   Defendants misrepresented to Plaintiff and Class members that the M3P or its micro-pulses or oscillations raise hair up and away from the skin, in violation of *Civil Code* § 1770 (a)(5),(7),(9).

50.   As a result of the use or employment by Defendants of the aforementioned unlawful methods, acts and practices, Plaintiff and Class members suffered damages.

51.   Plaintiff and the Class members seek restitution in the full amount of the overcharge paid for their M3Ps, and/or disgorgement of Defendants' profits reasonably attributable to its unjust enrichment as a result of the misconduct alleged herein, and any other relief which the court deems proper.

52.   Plaintiff and the Class members intend to seek compensatory damages and, in light of Gillette's intentional and fraudulent concealment of material facts, Plaintiff and the members of the proposed Class also intend to seek an award of punitive damages. Pursuant to *Civil Code* § 1782(a), Plaintiff will

1   serve Gillette with notice of its alleged violations of the CLRA by certified mail

2   return receipt requested.  If, within 30 days of such notification, Gillette fails to

3   provide appropriate relief for its violation of the CLRA, Plaintiff will amend this

4   Complaint to seek compensatory and punitive damages under the CLRA.

5       53.    Plaintiff and the Class members further request this Court to enjoin

6   Defendants from continuing to employ the unlawful methods, acts and practices

7   alleged above, pursuant to *Civil Code* § 1780(a)(2).

8

9                   **PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiff, individually and on behalf of the members of the

11   Class defined herein, pray for judgment and relief on all Causes of Action as

12   follows:

13       1.    Certification of the Class as a class action, appointment of Plaintiff as

14   a class representative and Plaintiff's counsel of record as Class Counsel, and a

15   declaration of financial responsibility on the part of Defendants for the costs of

16   class notification;

17       2.    Full restitution to Plaintiff and each member of the Class;

18       3.    Disgorgement to Plaintiff and each member of the Class, including

19   disgorgement of all revenues, earnings, profits, compensation, and benefits which

20   Defendants obtained as a result of the conduct alleged in this Complaint;

21       4.    A temporary, preliminary and/or permanent order for injunctive relief

22   enjoining Defendants from pursuing the policies, acts and practices alleged herein;

23       5.    Additional equitable relief, including an order imposing a

24   constructive trust upon Defendants' profits from the sale of the M3P and requiring

25   Defendants to pay Plaintiff and all members of the Class for any act or practice

26   declared by this Court to be unlawful;

27   \\\

28   \\\

1      6.     Additional equitable relief, including *cy pres* (fluid recovery) relief,

2  in the event that a residue exists in the common fund created for the Class, in order

3  to ensure that Defendants do not retain any illicit profit;

4      7.     Attorneys' fees, as allowed by law, including pursuant to *Civil*

5  *Procedure Code* § 1021.5 and pursuant to *Civil Code* § 1780(d);

6      8.     Costs, as allowed by law;

7      9.     Prejudgment and postjudgment interest at the maximum legal rate;

8  and

9      10.    Such other and further relief as the Court deems proper.

10

11  Dated: June 8, 2005                  THE KICK LAW FIRM, APC

12

13                       By:  _____

14                           Taras P. Kick, Esq.
                              G. James Strenio, Esq.

15                           Anthony E. Chavez, Esq.
                              Thomas G. Martin, Esq.

16                           Attorneys for Plaintiff,
                              CARLOS CORRALES

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury.

Dated: June 8, 2005

THE KICK LAW FIRM, APC

By: _____

Taras P. Kick, Esq.
G. James Strenio, Esq.
Anthony E. Chavez, Esq.
Thomas G. Martin, Esq.
Attorneys for Plaintiff,
CARLOS CORRALES

14