**MDL 1704**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 7 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1704*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE M3POWER RAZOR SYSTEM MARKETING & SALES PRACTICES LITIGATION*

*David Atkins v. The Gillette Co.*, C.D. California, C.A. No. 2:05-4024
*Mark Dearman, et al. v. The Gillette Co.*, D. Massachusetts, C.A. No. 1:05-11177
*Kevin Windom v. The Gillette Co.*, D. Massachusetts, C.A. No. 1:05-11207

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of two actions pending in the District of Massachusetts and one action pending in the Central District of California.[1] Plaintiff in one of the District of Massachusetts actions moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Massachusetts. Defendant The Gillette Co. (Gillette) supports centralization. Plaintiff in a potential tag-along action in the Central District of California is the only respondent who opposes Section 1407 transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions sharing factual questions regarding whether Gillette misrepresented certain aspects of its M3Power razor system during advertising of the product, including Gillette's claim that the M3Power razor system lifted individual hairs before they were cut. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The Panel has been notified of 25 additional actions pending in the following districts: five actions each in the Central District of California and the District of Massachusetts; three actions in the District of New Jersey; two actions in the Western District of Tennessee; and one action each in the Eastern District of Arkansas, the Northern District of California, the Southern District of California, the District of Connecticut, the Northern District of Illinois, the District of Maryland, the Eastern District of Missouri, the Northern District of Ohio, the Eastern District of Pennsylvania, and the Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**

- 2 -

Plaintiff in a potential tag-along action in the Central District of California argues that transfer is inappropriate since many of the actions are dependent upon questions of different state laws and several of the potential tag-along actions are likely to be remanded. This plaintiff suggests that informal coordination of discovery would be preferable to Section 1407 centralization. These arguments are unpersuasive. The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Moreover, any motions to remand to state court, if not resolved prior to transfer, may be presented to and decided by the transferee judge. Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of the actions, which is to the overall benefit of all parties.

We are persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation. The District of Massachusetts is a likely source of relevant documents and witnesses inasmuch as Gillete's headquarters are located there. By centralizing this litigation before Judge Douglas P. Woodlock, who presides over all actions in this district, we are assigning this litigation to a jurist who has both the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the District of Massachusetts is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman